No. 8830.

### D. R. CARROLL VS. J. G. READHEIMER ET ALS.

Where an injunction was taken against an order of seizure and sale for the payment of the price of property, on the ground that suit had been instituted against the purchaser for recovery of the property, and when the evidence shows that such suit was actually pending at the date of the injunction, the fact that, before trial of the injunction, the eviction suit had been finally decided in favor of the title, and the consequent dissolution of the injunction, could not render the sureties on the injunction bond liable in damages, because the injunction had not been " wrongfully obtained." C. P. 298, No. 9.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pearson,* J.

---

*Watkins & Scarborough* for Plaintiff and Appellant.

*Egan & McEnery* and *W. H. Jack* for Defendants and Appellees.

---

The opinion of the Court was delivered by

FENNER, J. D. R. Carroll, on November 23d, 1880, proceeded by executory process against H. M. Prothro, to enforce his mortgage and

vendor's privilege for the unpaid price of a certain plantation which had been sold by Carroll to Prothro. At that time a suit was pending against Prothro to evict him from the property under claim of nullity of the title conveyed to him by Carroll. This last named suit was brought on February 24th, 1879, and was finally decided by this Court maintaining the title, only in May, 1881. See Prothro vs. Prothro, 33 An. 599.

In January, 1881, Prothro applied for and obtained an injunction against Carroll's executory process, on the following, amongst other, grounds:

1. That the aforesaid suit was pending to evict him, and said Carroll had not offered to give him security against said eviction.

2. That there had been payments on the mortgage notes, for which credit had not been given.

On October 1st, 1881, judgment was rendered in this injunction suit, deciding that Prothro was entitled to a credit of $1,548.97, as of date May 4, 1878, sustaining and perpetuating the injunction to that extent and taxing all costs thereof to Carroll, and dissolving it as to the balance, with authority to Carroll to proceed with his order of seizure and sale for such balance.

The present action is brought by Carroll against the sureties on Prothro's injunction bond for statutory and special damages.

We agree with the District Judge that none should be allowed.

So far as statutory damages are concerned, the jurisprudence of this Court is now settled that Art. 304 C. P. does not apply to injunctions restraining execution of orders of seizure and sale.

As to the special damages it is apparent, from the statement heretofore made, that, at the date of its issuance, Prothro had an unquestionable right to the injunction. The Code of Practice expressly provides, that "the injunction must be granted    *    *    on the application of any purchaser, whose property is seized for the payment of the price of a thing sold to him, whenever suit has been instituted against him for the recovery of the property." C. P. 298, No. 9.

Such was the precise *status* when the injunction was applied for, and it was rightfully issued.

The eviction suit having terminated favorably to the title, before the case was tried, of course it formed no element in the decision of the cause. But that decision did not determine, expressly or by implication, that the injunction had been "wrongfully obtained," which, by the terms of the bond and of the law, formed the condition of the liability of the sureties.

This disposes of the case.

This dispenses us from determining whether Art. 298, No. 10, C. P.,

prohibiting injunction on allegation of partial payment, except to the amount thereof, applies to injunctions of executory process, or only of judgments which alone are named; and also whether, even if the Article applies generally, it would have effect under the circumstances of this case, where the credit to which the debtor was entitled, was a matter of unsettled account between him and the seizing creditor, of the amount of which he was ignorant. Carroll himself made an error of several hundred dollars in the credit which he directed to be made on the order of seizure and sale when he learned that injunction was threatened. Prothro, knowing that he was entitled to a large credit which had not been allowed, and being ignorant of the amount thereof, was not in position to restrict his injunction to the credit claimed. It was Carroll's duty, who had the means of fixing that amount, to have allowed the proper credit before issuing his writ.

Judgment affirmed at appellant's cost.